IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No.: 1:23-CV-00158

| | |
|---|---|
| JASON H. KLOEPFER and ALISON M. MAHLER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CHEROKEE COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) |
| Defendants. | ) |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO FILE FIRST AMENDED COMPLAINT

Plaintiffs submit their Memorandum of Law in Support of Plaintiffs' Motion to File First Amended Complaint.

1. On June 20, 2023, Plaintiffs initiated this action, asserting multiple claims against Defendants stemming from their wrongful, negligent, and grossly negligent actions leading up to, during, and following the improper and unjustified shooting of Jason Kloepfer and at Ali Mahler at their home on December 13, 2022.

2. Since the initial filing of this action, the parties have engaged, and continue to engage, in discovery and further investigation pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order.

3. Plaintiffs seek leave to amend their Complaint in good faith for the purposes of including additional allegations against Defendants that are factually and legally meritorious. The proposed Amended Complaint is attached to the accompanying Motion as Exhibit 1 and incorporated by reference.

4. The proposed Amended Complaint asserts the same facts as originally alleged, which have been largely confirmed, if not bolstered, during discovery, accompanied by two new legal claims, alleging Defendants violated the North Carolina Constitution. These two newly proposed legal claims are added in anticipation of a new argument from Defendants regarding sovereign immunity. This new argument will likely be made in connection with a new Eastern Band of Cherokee Indians Supreme Court opinion issued on August 7, 2024. *Campos v. Eastern Band of Cherokee Indians*, No. CSC-19-06 (E. Cherokee Sup. Ct. August 7, 2024) (the "New EBCISC Opinion" attached Exhibit 2.

5. In the New EBCISC Opinion, apparently purchasing insurance by the EBCI tribe does not waive immunity, in spite of its own law that clearly says it does waive sovereign immunity up to the amount of insurance purchased. Regardless of the merits of the decision, it now exists. Plaintiffs anticipate that the EBCI will attempt to rely on that New EBCISC Opinion to claim that they face no responsibility for their negligent, grossly negligent, wanton, reckless, intentional, and illegal actions complained of by Plaintiffs. If they attempt to make this argument, that opens the door for Plaintiffs to pursue their claims against Defendants under the North Carolina Constitution, in what is known as a *Corum* claim. *See Corum v. Univ. of N.C.*, 330 N.C. 761 (1992).

6. Plaintiffs had no way of knowing that this New EBCISC Opinion that essentially inverts the plain language of the EBCI law on point would issue over a year after filing this lawsuit. Plaintiffs could not anticipate the need to include this

2

legal claim when they filed the original Complaint.

7. Plaintiffs conferred with Defendants' counsel before filing this Motion and provided a copy of the New EBCISC Opinion, and a copy of the proposed Amended Complaint and requested that Defendants consent to the proposed amendment pursuant to Rule 15(a)(2). They refused, so Plaintiffs move the Court for permission to file the proposed Amended Complaint under Rule 15.

8. According to Fourth Circuit "Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires… Our court therefore reads Rule 15(a) to mean that leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citing Fed. R. Civ. P. 15(a)); *see also Hyatt v. Miller*, No. 1:19 CV 250, 2020 WL 4569605, at *1 (W.D.N.C. Aug. 6, 2020)(*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

9. Plaintiffs act in good faith in filing this Motion. Allowing Plaintiffs to serve and file the proposed Amended Complaint is not prejudicial to Defendants,

there is no bad faith on behalf of Plaintiffs, and the amendment is not futile. Filing the Amended Complaint will not delay any proceedings or result in any additional discovery for any party.

10. Allowing Plaintiffs to serve and file the proposed Amended Complaint does not require joinder of any additional parties because it merely asserts new legal allegations against the original Defendants based on all the same initial allegations and facts developed during discovery.

11. Allowing Plaintiffs to serve and file the proposed Amended Complaint promotes the interests of justice by facilitating the fair and efficient resolution of this action and all claims supported by the evidence.

12. The Court should allow the claims in the proposed Amended Complaint to relate back to the date of filing the original Complaint. According to Rule 15(c), an amendment to a pleading relates back to the date of the original pleading when "(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." This Amended Complaint relates back because all of the facts are the same as those alleged in the original Complaint against the exact same Defendanats who received timely service of the initial Complaint. *See Justus ex rel. Est. of Justus v. Cnty. of Buchanan*, 498 F. Supp. 2d 883, 885–86 (W.D. Va. 2007); *Bailey v. Campbell*, No. 522CV00052KDBSCR, 2024 WL 482211, at *7 (W.D.N.C. Feb. 7, 2024). The only difference is a technical legal application of a North Carolina Constitutional *Corum* claim that has since become relevant only after the New EBCISC Opinion last month.

4

Case 1:23-cv-00158-MOC-WCM   Document 56   Filed 09/26/24   Page 4 of 5

WHEREFORE, Plaintiffs respectfully pray as follows:

1. That an Order be entered allowing Plaintiffs to file and serve the proposed Amended Complaint and have it relate back to the date of filing the original Complaint.

2. That the Court award to Plaintiffs such other and further relief as the Court deems just and proper.

This the 25th day of September, 2024.

*/s/W. Ellis Boyle*
N.C. State No.: 33826
email: docket@wardandsmith.com*
email: weboyle@wardandsmith.com**
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing Motion to Amend with the Clerk of Court using the CM/ECF system.

This 25th day of September 2024.

*/s/W. Ellis Boyle*
N.C. State No.: 33826
email: docket@wardandsmith.com*
email: weboyle@wardandsmith.com**
*Attorney for Plaintiffs*

* This email address must be used in order to effectuate service under the Federal Rules of Civil Procedure.

** Email address to be used for all communications other than service.