IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-158

| | |
|---|---|
| JASON H. KLOEPFER and ALISON M. MAHLER<br><br>Plaintiffs,<br><br>v.<br><br>CHEROKEE COUNTY SHERIFF'S DEPARTMENT, ET AL.<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND** |

Dustin Smith, Justin Jacobs, David Williams, Milton Teasdale, Mitchell Morgan, Drew Payne, Dennis Dore, Cody Williams, Nolan Queen, Jessica Stiles, J.T. Gray, Jason Hall, Don Latulipe, Adam Erickson, and Paul Fry respond to Plaintiffs' motion to amend their Complaint. [Document 55]. Plaintiffs' motion to amend should be denied because it is futile and subject to a motion to dismiss.

I. **PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED BECAUSE IT IS FUTILE**

Defendants acknowledge that leave to amend a complaint should freely be given when justice so requires. Federal Rule of Civil Procedure 15(a)(2). However, a motion to amend a complaint may be denied based on "a showing of prejudice, bad faith, futility or dilatoriness associated with the motion." *Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital Systems, Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988) (internal citation omitted). In this case, Plaintiffs' motion to amend

should be denied because it is futile and subject to dismissal. *See New Beckley Mining Corp. v. International Union, United Mine Workers of America*, 18 F.3rd 1161, 1164 (4th Cir. 1994); *King v. Jefferies*, 402 F. Supp. 2d 624, 636 (M.D.N.C. 2005). Amendments which fail to state a claim under Rule 12(b)(6) are futile. *Hall v. Tyco International Ltd.*, 223 F.R.D. 219, 259 (M.D.N.C. 2004).

Plaintiffs seek to amend their Complaint to add a state Constitutional claim, Count 27[1] against Defendants "should the Court determine that Sheriff Smith is entitled to governmental immunity for the actions of the EBCIPD Defendants acting as his agents but not employees." [Document 55-1, ¶ 741]. In this case, the proposed Amended Complaint is futile for one reason.

Plaintiffs can only bring a state constitutional claim in the absence of an adequate state remedy. *Craig ex. rel. Craig v. New Hanover County Board of Education*, 363 N.C. 334, 342, 678 S.E.2d 351, 356-7 (2009). In *Randleman v. Johnson*, 162 F.Supp. 3d 482, 489 (M.D.N.C. 2016), the district court held that an adequate state law remedy exists "where there is a cause of action—existing at common law or created by statute—that provides plaintiff with 'the possibility of relief' for the same injury alleged in the direct constitutional claim." *See also Edwards v. City of Concord*, 827 F. Supp. 2d 517, 524 (M.D.N.C. 2011) (a remedy

---

[1] Count 26 is a North Carolina Constitutional claim against the EBCIPD Defendants. [Document 55-1, ¶¶ 729-739].

2

WBD (US) 4885-3399-2170v1
Case 1:23-cv-00158-MOC-WCM   Document 57   Filed 09/30/24   Page 2 of 4

is "adequate" if it provides for the "possibility of relief under the circumstances."); *Wilcox v. City of Asheville*, 730 S.E.2d 226, 237 (2012) (dismissing state Constitutional claim because Plaintiff's common law claim of negligence was an adequate remedy).

In this case, Plaintiffs have the following adequate remedies against Defendants remaining after the Court's order on Defendants' motion to dismiss: gross negligence, abuse of process, malicious prosecution, unlawful detention, defamation, intrusion and invasion of privacy, intentional infliction of emotional distress, trespass, civil conspiracy, and assault and battery.

## II. **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to amend should be denied.

This 30th day of September, 2024.

> s/Sean F. Perrin
> Womble Bond Dickinson (US) LLP
> 301 S. College Street, Ste. 3500
> Charlotte, North Carolina  28202
> Telephone:  704-331-4992
> Facsimile:   704-338-7814
> Sean.Perrin@wbd-us.com
> *Attorney for Defendants*

## CERTIFICATION

I hereby certify, the following: 1) No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources West Law, Lexis, FastCase, and Bloomberg; 2) Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his direction as to the accuracy of the proposition for which it is offered in the citation to authority provided.

/s/ Sean F. Perrin