IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00158-MOC-WCM

| | |
|---|---|
| JASON H. KLOEPFER; ) | |
| ALISON M. MAHLER, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| EASTERN BAND OF ) | |
| CHEROKEE INDIANS; ) | |
| OHIO CASUALTY ) | |
| INSURANCE COMPANY; ) | |
| DUSTIN SMITH ) | ORDER |
| *Sheriff of Cherokee County,* ) | |
| *in his individual and official capacity;* ) | |
| JUSTIN JACOBS ) | |
| *Chief Deputy CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| DAVID WILLIAMS ) | |
| *Captain CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| MILTON TEASDALE ) | |
| *Lieutenant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| MITCHELL MORGAN ) | |
| *Lieutenant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| DREW PAYNE ) | |
| *Lieutenant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| DENNIS DORE ) | |
| *Sergeant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| CODY WILLIAMS ) | |
| *Sergeant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| NOLAN QUEEN ) | |
| *Detective CCSD,* ) | |

*in his individual and official capacity;* )
**JESSICA STILES** )
*Deputy CCSD,* )
*in her individual and official capacity;* )
**J.T. GRAY** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**JASON HALL** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**DON LATULIPE** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**ADAM ERICKSON** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**PAUL FRY** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**CARLA NEADEAU** )
*Chief EBCIPD,* )
*in her individual and official capacity;* )
**JOSHUA TAYLOR** )
*Assistant Chief EBCIPD,* )
*in his individual and official capacity;* )
**ROGER NEADEAU, JR.** )
*Lieutenant Detective EBCIPD,* )
*in his individual and official capacity;* )
**NEIL FERGUSON** )
*Patrol Lieutenant EBCIPD,* )
*in his individual and official capacity;* )
**SCOTT BUTTERY** )
*SWAT Commander EBCIPD,* )
*in his individual and official capacity;* )
**JESSE RAMIREZ** )
*Detective Sergeant EBCIPD,* )
*in his individual and official capacity;* )
**JEFF SMITH** )
*Special Operations Sergeant EBCIPD,* )
*in his individual and official capacity;* )
**DUSTIN WOLFE** )

| | |
|---|---|
| *Detective EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **CODY MCKINNEY** | ) |
| *Detective EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **NATHAN MESSER** | ) |
| *Special Operations Officer EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **ANDREW SAMPSON** | ) |
| *Special Operations Officer EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **CHRIS HARRIS** | ) |
| *Patrol Officer EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

This matter is before the Court on Plaintiffs' Motion to File First Amended Complaint (the "Motion to Amend," Doc. 55).

## I. Relevant Procedural Background

On June 20, 2023, Jason H. Kloepfer and Alison M. Mahler ("Plaintiffs") filed their original Complaint.

Following rulings by the presiding District Judge on motions to dismiss, claims remain against: 1) parties associated with Cherokee County, North Carolina (the "Cherokee County Defendants"),[1] 2) Ohio Casualty Insurance

---

[1] These parties are Cherokee County Sheriff Dustin Smith ("Sheriff Smith"), Deputy Justin Jacobs, Captain David Williams, Lieutenant Milton Teasdale, Lieutenant Mitchell Morgan, Lieutenant Drew Payne, Sergeant Dennis Dore, Sergeant Cody Williams, Detective Nolan Queen, Deputy Jessica Stiles, Deputy J.T. Gray, Deputy Jason Hall, Deputy Don Latulipe, and Deputy Adam Erickson.

Company, 3) the Eastern Band of Cherokee Indians (the "EBCI"), and 4) certain EBCI personnel (the "Tribal Defendants").[2] Docs. 1, 33.

Plaintiffs' claims arise from Plaintiffs' interactions with law enforcement at Plaintiffs' home on the evening of December 12, 2022 and the morning of December 13, 2022, during which Plaintiffs allege that Kloepfer was shot without justification. Doc. 1.

The Motion to Amend is fully briefed, Docs. 56, 57, 58, 59, and the parties presented oral arguments on the Motion during a hearing on December 4, 2024, following which the Motion was taken under advisement.

This order now follows.

## II. Legal Standard

When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason

---

[2] These parties are Police Chief Carla Neadeau, Assistant Police Chief Joshua Taylor, Lieutenant Detective Roger Neadeau, Jr., Patrol Lieutenant Neil Ferguson, SWAT Commander Scott Buttery, Detective Sergeant Jesse Ramirez, Special Operations Sergeant Jeff Smith, Detective Dustin Wolfe, Detective Cody McKinney, Special Operations Officer Nathan Messer, Special Operations Officer Andrew Sampson, and Patrol Officer Chris Harris.

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962); Equal Rts Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

## III. Discussion

By the Motion to Amend, Plaintiffs seek leave to assert, in the alternative, direct claims for violations of Sections 1, 19, 21, and 30 of Article I of the North Carolina Constitution pursuant to Corum v. University of North Carolina, 330 N.C. 761, 782, cert. denied, 506 U.S. 985 (1992) against the EBCI, the Tribal Defendants, and Sheriff Smith (the "Subject Defendants").[3]

---

[3] Plaintiffs' proposed Corum claim against Sheriff Smith is based on Plaintiffs' theory that the Tribal Defendants were "acting as [Sheriff Smith's] agents…." Doc. 55-1 at ¶ 741.

5

The North Carolina Supreme Court has stated that "*Corum* claims have three elements." Happel v. Guilford Cnty. Bd. of Educ., 913 S.E.2d 174, 183, 2025 WL 879618, at *4 (N.C. Mar. 21, 2025). Specifically:

> First, the complaint must allege that a state actor violated the claimant's state constitutional rights. Second, "the claim must be colorable," meaning that the claim "must present facts sufficient to support an alleged violation of a right protected by the [s]tate [c]onstitution." Third, there must be no other "adequate state remedy" for this alleged constitutional violation.
>
> Id. (citations omitted).

Here, the parties have not addressed whether the EBCI and the Tribal Defendants may be considered "state actors." However, no defendant appears to challenge that issue at this time.

With respect to the second element, during the hearing, the EBCI argued that Plaintiffs' proposed amended complaint does not adequately plead a Corum claim under Sections 21 or 30 of the North Carolina Constitution.[4] However, because this issue has not been sufficiently briefed, the undersigned has not addressed it in depth.

The primary focus of the Subject Defendants' argument pertains to element three. Specifically, the Subject Defendants contend that Plaintiffs'

---

[4] The EBCI did not raise the same objection to Plaintiffs' proposed Corum claim for alleged violations of Sections 1 and 19 of the North Carolina Constitution.

6

proposed amendment is futile because Plaintiffs' remaining state tort claims provide Plaintiffs with "adequate state remedies." See Docs. 57, 58.[5]

Under North Carolina law, the "definition of an adequate state remedy 'is twofold.'" Hogan v. Cherokee County, 519 F.Supp.3d 263, 290 (W.D.N.C. 2021) (quoting Taylor v. Wake Cty., 258 N.C. App. 178 (2018) (internal citations and quotations omitted)). First, the state law claim must address the alleged constitutional injury. Id. Second, the plaintiff must have "an opportunity to enter the courthouse doors.'" Id.

Plaintiffs' current state law claims against the Subject Defendants include trespass, civil conspiracy, assault and battery, negligence and negligence per se, gross negligence, intrusion and invasion of privacy, negligent infliction of emotional distress, and intentional infliction of emotional distress.

Plaintiffs argue that these existing claims may be barred in light of the Cherokee Supreme Court's August 7, 2024 opinion in Louis Campos, et al. v. Eastern Band of Cherokee Indians, et al., No. CSC-19-06 ("Campos"), in which the court held that the EBCI's purchase of liability insurance did not waive the

---

[5] The Subject Defendants do not argue that Plaintiffs' federal claims provide an adequate state remedy. See Corum, 330 N.C. at 726; see also Allen v. City of Graham, Nos. 1:20-CV-997, 1:20-CV-998, 2021 WL 2223772 at *6 (M.D.N.C. June 2, 2021) (explaining that defendants had not provided "any cases supporting their contention that the plaintiffs' federal claims are an adequate state remedy for violations of distinct and independent state constitutional rights").

7

EBCI's sovereign immunity with respect to certain tort claims.[6] Accordingly, Plaintiffs wish to include alternative <u>Corum</u> claims to defend against the possibility that the Subject Defendants may argue, under <u>Campos</u>, that they are immune from liability for Plaintiffs' existing state law claims. <u>See</u> Doc. 56-1. In other words, as Plaintiffs' counsel stated during the December 4, 2024 hearing, Plaintiffs do not need a <u>Corum</u> claim "right now," but could need one in the future if the Subject Defendants made a sovereign immunity argument and were successful in challenging Plaintiffs' state law claims on that basis.

Under North Carolina law, "sovereign immunity, or governmental immunity, shields a municipality and its officers or employees sued in their official capacity from suit for torts committed while the officers or employees are performing a governmental function." <u>Jones v. Kearns</u>, 120 N.C. App. 301, 309-10 (1995) (J. Wynn, concurring); <u>Thurston v. Avery County Sheriff's Office</u>, No. 1:19-cv-299-MOC-WCM, 2021 WL 1093097 at *11 (W.D.N.C. March 22,

---

[6] Plaintiffs previously alleged, among other things, that the EBCI "waived any tribal immunity by acting outside of the territorial bounds of the reservation and engaging in law enforcement activities against non-Indians that have nothing to do with internal tribal affairs" and by "purchasing liability insurance in accordance with its own laws." Doc. 1 at ¶¶ 46, 47.

2021) ("the Court agrees that sovereign immunity applies to shield Defendants from liability in their official capacities as to Plaintiff's state law tort claims").[7]

Where the application of sovereign immunity prohibits all of a plaintiff's common law tort claims, the plaintiff lacks an adequate state law remedy and, therefore, may proceed with a Corum claim. See e.g., Mead v. Shaw, No. 3:12-CV-00132-GCM, 2016 WL 316870 at *11 (W.D.N.C. Jan. 25, 2016) ("under North Carolina law, state tort claims do not constitute adequate alternative remedies when they are completely precluded by the doctrine of governmental immunity"); see also Craig ex rel. Craig v. New Hanover County Bd. of Educ., 363 N.C. 334, 338 (2009); Groce v. Jackson, No. 1:20CV1152, 2022 WL 3645906, at *18 (M.D.N.C. Aug. 24, 2022).

Individual defendants are not entitled to sovereign immunity when they are sued in their individual capacities. Estate of Graham v. Lambert, 385 N.C. 644, 654 (2024) ("[A] defendant sued in his individual capacity does not enjoy sovereign or governmental immunity.").

---

[7] Plaintiffs' amendment appears to be intended to defend against the potential assertion by the Subject Defendants of tribal sovereign immunity. However, the parties have not addressed specifically how the potential application of tribal sovereign immunity (as opposed to the application of sovereign or governmental immunity under North Carolina law) should be analyzed in reference to Corum claims. Nonetheless, for purposes of the Motion to Amend only, the Court has assumed, without deciding, that the impact of a successful assertion of tribal sovereign immunity would be the same as the successful assertion of North Carolina sovereign immunity.

In this case, the EBCI and the Tribal Defendants have asserted the defense of sovereign immunity in their answers, Doc. 20 at 2, Doc. 23 at 73, but they did not file a motion to dismiss based on sovereign immunity and have not moved for summary judgment based on sovereign immunity subsequent to Campos.

Further, Plaintiffs' counsel acknowledged during the December 4, 2024 hearing that sovereign immunity would not bar Plaintiffs' existing individual capacity claims against the Tribal Defendants.[8]

In short, Plaintiffs seek leave to amend their pleading to include alternative Corum claims that would be active only if the defense of sovereign immunity was actively raised by the Subject Defendants and deemed to be valid, while at the same time acknowledging that sovereign immunity, even if successfully raised, would not defeat Plaintiffs' individual capacity claims.

Under these circumstances, Plaintiffs' Motion to Amend (Doc. 55) is **DENIED WITHOUT PREJUDICE AS UNRIPE**. See Orndorff v. Raley, No. 3:17-CV-00618-GCM, 2018 WL 5046090 at *7 (W.D.N.C. Oct. 17, 2018)

---

[8] While public official immunity could defeat those claims, the potential application of that doctrine would not justify the assertion of an alternative Corum claim. See Hogan, 519 F.Supp.3d at 290 ("the inability to pursue certain claims that are barred by immunity does not deprive the Plaintiffs of an adequate remedy pursuant to state law for redressing their alleged injuries") (citing Glenn-Robinson v. Acker, 140 N.C. App. 606, 631–32 (2000) (finding an adequate remedy pursuant to state law with the presence of state law claims against an officer in his individual capacity)).

("Orndorff's Corum claims must be dismissed as unripe. At this stage in the proceedings, the Court has not found sovereign immunity to apply to any of Orndorff's claims. The Court recognizes the possibility that sovereign immunity could be found to apply later. Indeed, Orndorff noted that possibility in his memorandum in opposition. However, that is purely speculative at this point. Because Orndorff's Corum claims rely entirely on 'future uncertainties,' the claims are not yet fit for judicial decision.").

It is so ordered.

Signed: April 30, 2025

W. Carleton Metcalf
United States Magistrate Judge