IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00158-MOC-WCM

| | |
|---|---|
| JASON H. KLOEPFER; ) | |
| ALISON M. MAHLER, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| EASTERN BAND OF ) | |
| CHEROKEE INDIANS; ) | |
| OHIO CASUALTY ) | |
| INSURANCE COMPANY; ) | |
| DUSTIN SMITH ) | ORDER |
| *Sheriff of Cherokee County,* ) | |
| *in his individual and official capacity*; ) | |
| JUSTIN JACOBS ) | |
| *Chief Deputy CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| DAVID WILLIAMS ) | |
| *Captain CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| MILTON TEASDALE ) | |
| *Lieutenant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| MITCHELL MORGAN ) | |
| *Lieutenant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| DREW PAYNE ) | |
| *Lieutenant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| DENNIS DORE ) | |
| *Sergeant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| CODY WILLIAMS ) | |
| *Sergeant CCSD,* ) | |
| *in his individual and official capacity;* ) | |
| NOLAN QUEEN ) | |
| *Detective CCSD,* ) | |

*in his individual and official capacity;* )
**JESSICA STILES** )
*Deputy CCSD,* )
*in her individual and official capacity;* )
**J.T. GRAY** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**JASON HALL** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**DON LATULIPE** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**ADAM ERICKSON** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**PAUL FRY** )
*Deputy CCSD,* )
*in his individual and official capacity;* )
**CARLA NEADEAU** )
*Chief EBCIPD,* )
*in her individual and official capacity;* )
**JOSHUA TAYLOR** )
*Assistant Chief EBCIPD,* )
*in his individual and official capacity;* )
**ROGER NEADEAU, JR.** )
*Lieutenant Detective EBCIPD,* )
*in his individual and official capacity;* )
**NEIL FERGUSON** )
*Patrol Lieutenant EBCIPD,* )
*in his individual and official capacity;* )
**SCOTT BUTTERY** )
*SWAT Commander EBCIPD,* )
*in his individual and official capacity;* )
**JESSE RAMIREZ** )
*Detective Sergeant EBCIPD,* )
*in his individual and official capacity;* )
**JEFF SMITH** )
*Special Operations Sergeant EBCIPD,* )
*in his individual and official capacity;* )
**DUSTIN WOLFE** )

| | |
|---|---|
| *Detective EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **CODY MCKINNEY** | ) |
| *Detective EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **NATHAN MESSER** | ) |
| *Special Operations Officer EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **ANDREW SAMPSON** | ) |
| *Special Operations Officer EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| **CHRIS HARRIS** | ) |
| *Patrol Officer EBCIPD,* | ) |
| *in his individual and official capacity;* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

This matter came before the Court on April 28, 2025 for a hearing on numerous discovery motions, following which the undersigned issued oral rulings. This order memorializes and supplements those rulings.

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Compel and Sanction Plaintiff Jason H. Kloepfer ("Kloepfer") and Hold Open Discovery for Related Violations (Doc. 70) is **GRANTED IN PART** as follows:

    A. Kloepfer shall produce for Defendants' inspection the four (4) thumb drives that were referenced in his January 29, 2025 deposition testimony as containing footage from the MyQ cameras.

    B. Kloepfer shall produce to Defendants a sworn affidavit by each person who, acting on behalf of Kloepfer and using login

information provided by Kloepfer, obtained data from the cloud-based storage system associated with the MyQ cameras, which affidavit shall state: 1) whether all of the footage that was available at the time the MyQ cloud-based storage system was first accessed by that person was retrieved and 2) whether all of that footage has been produced to Defendants.

C. Kloepfer shall produce to Defendants his mental health records, including records from Denise Otero ("Otero") or any other source, for treatment provided to him during the period beginning five years prior to the December 13, 2022 shooting to the present.

D. Counsel for Defendants Ferguson, Messer, and Harris is authorized to reopen Kloepfer's deposition at a reasonable location and time. Kloepfer may be examined on any discoverable topics (including but not limited to the MyQ camera footage, the additional witness information produced by Plaintiffs in January 2025, and Kloepfer's mental health treatment), provided however that his additional testimony shall be limited to no more than four (4) hours on the record.

E. The request by Defendants Ferguson, Messer, and Harris for sanctions pursuant to Rule 37 is **DENIED**. However, the Court finds that pursuant to Rule 37(a)(5) Defendants Ferguson, Messer,

4

and Harris are entitled to the payment of their expenses, including attorney's fees, incurred in making the Motion to Compel and **AWARDS** such fees and costs as follows:

    i. Kloepfer and Ferguson, Messer, and Harris, through counsel, are **DIRECTED TO CONFER** and attempt to reach an agreement as to the amount of expenses that should be awarded and by whom (i.e., Kloepfer or his counsel) that amount should be paid.

    ii. On or before **May 19, 2025**:

        1. These parties shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award, and advising of such amount and the payor(s), OR

        2. In the alternative, if these parties are unable to reach an agreement, Ferguson, Messer, and Harris shall submit appropriate materials from which the Court can determine an appropriate award. In that circumstance, Kloepfer shall have an additional seven (7) days from the date of the filing by Ferguson, Messer, and Harris to respond. Ferguson, Messer, and Harris shall have three (3) days thereafter to reply.

5

2. The Motion to Compel and Sanction Plaintiff Alison M. Mahler ("Mahler") and Hold Open Discovery for Related Violations (Doc. 71) is **GRANTED IN PART** as follows:

   A. Mahler shall produce any additional documents that are responsive to requests by Defendants Ferguson, Messer, and Harris for her medical records, including all records related to Mahler's treatment by Otero, any treatment by Christina Zaccara, and any pharmacy records, provided however that Mahler is not required to re-produce materials that have previously been produced. The additional records shall cover the same time period as other records Mahler has been ordered to provide. See Doc. 66 at 4.

   B. Counsel for Defendants Ferguson, Messer, and Harris is authorized to reopen Mahler's deposition at a reasonable location and time. Mahler may be examined on any discoverable topics, provided however that her additional testimony shall be limited to no more than two (2) hours on the record.

   C. The request for sanctions by Defendants Ferguson, Messer, and Harris pursuant to Rule 37 is **DENIED**. However, the Court finds pursuant to Rule 37(a)(5) that Defendants Ferguson, Messer, and Harris are entitled to the payment of their expenses, including

6

attorney's fees, incurred in making the Motion to Compel and **AWARDS** such fees and costs as follows:

  i. Mahler and Ferguson, Messer, and Harris, through counsel, are **DIRECTED TO CONFER** and attempt to reach an agreement as to the amount of expenses that should be awarded and by whom that amount should be paid.

  ii. On or before **May 19, 2025**:

    1. These parties shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award, and advising of such amount and the payor(s), OR

    2. In the alternative, if these parties are unable to reach an agreement, Defendants Ferguson, Messer, and Harris, through counsel, shall submit appropriate materials from which the Court can determine an appropriate award. In that circumstance, Mahler shall have an additional seven (7) days from the date of the filing by Defendants Ferguson, Messer, and Harris to respond. Defendants Ferguson, Messer, and Harris shall have three (3) days thereafter to reply.

3. The Motion to Compel Non-Party Chamberlain Group to Respond to Subpoena for Documents (Doc. 72) is **DENIED WITHOUT PREJUDICE**.

4. The Motion to Allow Release of Body Camera Footage (Doc. 75) is **DENIED AS MOOT**. As discussed during the hearing, while Plaintiffs ask the Court to de-designate the footage as being "confidential," the parties have provided no information indicating that the footage was previously marked as "confidential" pursuant to the protective order. Plaintiffs have not asked for an affirmative order allowing them to publish the footage and the undersigned expresses no opinion on the issues of: 1) whether the body camera footage should be sealed in connection with any motion for summary judgment and 2) whether (notwithstanding the lack of a "confidential" designation under the protective order) publication of the footage is otherwise restricted, including pursuant to state law. Should the parties wish to litigate those issues, they should do so through the filing of motions and supporting briefs in the regular course.

5. The Motion to Remove the Designation of Confidential from Information Produced in Discovery and Allow Public Filing in Support of Summary Judgment Motions and Trial (Doc. 81) is **DENIED WITHOUT PREJUDICE**. In the event Plaintiffs seek an order removing the "confidential" designation from any materials that were so marked

pursuant to the protective order, Plaintiffs may make such a request, provided that the precise materials at issue are identified. Similarly, in the event any party wishes to use material that has been marked as "confidential" pursuant to the protective order in conjunction with motions for summary judgment, that party is encouraged to confer with opposing counsel to determine if any party contends that the material should be sealed when it is placed on the record. In the event no party seeks the sealing of the subject material, the material may be filed notwithstanding Paragraph 7 of the protective order, provided that the filing of the material is otherwise proper under the Rules of Civil Procedure and applicable law. In the event there is disagreement as to the sealing of the subject material, the parties may litigate that issue in the context of a motion to seal, again provided that the precise materials at issue are identified.

6. The Motion to Seal pertaining to Plaintiffs' deposition transcripts (Doc. 86) is **DENIED**, and the Clerk is **RESPECTFULLY DIRECTED** to **UNSEAL** the deposition transcripts of Kloepfer and Mahler (Docs. 83-1 and 84-1).

7. The undersigned expresses no opinion with regard to Plaintiffs' request as referenced in the attachment to the errata to Kloepfer's deposition that Kloepfer's January 29, 2025 deposition be stricken.

8. The following deadlines are established:

   A. Any documents or information to be produced by Plaintiffs as required by this order shall be produced by **May 19, 2025**.

   B. The period of court-enforceable discovery is **REOPENED** and **EXTENDED** through and including **July 1, 2025** for the **LIMITED PURPOSE** of allowing the parties to explore issues relative to the motions heard during the April 28, 2025 hearing and as discussed in this order.

   C. The parties are **GRANTED LEAVE** to supplement their pending motions for summary judgment (Docs. 89, 92, 94, 95, 98), if necessary, on or before **July 15, 2025**.

   D. The temporary stay of all deadlines associated with the pending motions for summary judgment and any related motions (Docs. 89, 90, 92, 94, 95, 98, 100) is **LIFTED**, and the deadline to respond to these motions is **EXTENDED** through and including **July 29, 2025.**

9. The August 4, 2025 trial setting is **CANCELED**, and trial in this matter is **RESET** to the February 2, 2026 term.

Signed: April 30, 2025

_W. Carleton Metcalf_
W. Carleton Metcalf
United States Magistrate Judge